UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

CY GREENE,

                              Plaintiff,

        -against-

THE CITY OF NEW YORK; NEW YORK CITY
TRANSIT AUTHORITY; DETECTIVES OR FORMER
DETECTIVES MICHAEL NORRITO (Shield No. 3736)
and JOSEPH TUMBARELLO (Shield No. 883), in their
individual and official capacities; FORMER ASSISTANT
DISTRICT ATTORNEY ROBERT SULLIVAN, in his
individual and official capacities; CHARLES J. HYNES,
DISTRICT ATTORNEY, KINGS COUNTY, in his
official capacity; and JOHN DOES, 1, 2, 3, etc. and JANE
DOES 1, 2, 3, etc. (whose identities are unknown but who
are or formerly were Police Officers and/or supervisory
personnel of the New York City Police Department and/or
Transit Authority Police Department), all being sued in
their individual and official capacities,

                              Defendants.

**THIRD-PARTY COMPLAINT**

**08 CV 243 (RJD)(CLP)**

ECF Case

<u>Jury Trial Demanded</u>

------------------------------------------------------------------------ x

THE CITY OF NEW YORK; NEW YORK CITY
TRANSIT AUTHORITY; MICHAEL NORRITO;
JOSEPH TUMBARELLO; ROBERT SULLIVAN; and
CHARLES J. HYNES, DISTRICT ATTORNEY, KINGS
COUNTY,

                           Third-Party Plaintiffs,

        -against-

LEWIS COHEN, ESQ.,

                           Third-Party Defendant.

------------------------------------------------------------------------ x

       Defendants/Third-Party Plaintiffs City of New York, New York City Transit Authority, Michael Norrito, Joseph Tumbarello, Robert Sullivan and Charles Hynes, by their

attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, as and for their third-party complaint against the third-party defendant Lewis Cohen, allege as follows:

1. This is a third-party action in which defendants/third-party plaintiffs City of New York, New York City Transit Authority, Michael Norrito, Joseph Tumbarello, Robert Sullivan and Charles Hynes seek indemnification from third-party defendant Lewis Cohen for claims brought in an action entitled *Cy Greene against The City of New York, et al.* *08 CV 243(RHD)(CP)* ("Greene Action")

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1367(a) in that the City's claims against Lewis Cohen are so related to claims within the original jurisdiction of this Court in the *Greene Action* as to form part of the same case or controversy.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Lewis Cohen is subject to personal jurisdiction in this district and because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

4. The City of New York is a municipal corporation organized under the laws of the State of New York.

5. The New York City Transit Authority is a public benefit corporation incorporated under the laws of the State of New York.

6. Michael Norrito is a former employee of the City of New York and was employed as a member of service within NYPD at the time of the subject incident.

7. Joseph Tumbarello is a former employee of the Transit Authority and was employed as a member of service within the New York City Transit Authority police department at the time of the subject incident.

8. Charles J. Hynes is the District Attorney for Kings County.

9. Robert Sullivan was employed as an Assistant District Attorney of Kings County at the time of the subject incident.

10. At all times mentioned herein, Lewis Cohen is an attorney licensed to practice law in the State of New York.

11. Lewis Cohen represented Cy Greene in the matter of <u>the People of the State of New York against Cy Greene</u>, Kings County Indictment No. 3521/83.

## FACTUAL ALLEGATIONS

12. On June 24, 1983 Cy Greene was indicted for murder in the second degree in two counts, intentional murder and felony murder in connection with the murder and robbery of John Choi.

13. Third-party defendant Lewis Cohen represented Cy Greene at all pre-trial proceedings and at trial.

14. Lewis Cohen had a duty, as an attorney and officer of the Court, to zealously and competently defend his client.

15. On May 8, 1985, plaintiff was acquitted of intentional murder and convicted of felony murder and robbery in the second degree by a jury in Supreme Court, Kings County.

16. Plaintiff's convictions were overturned on January 4, 2006, based on a claim and finding of ineffective assistance of counsel.

17. Lewis Cohen testified on April 7, 2005, at a hearing on Cy Greene's motion to vacate his conviction.

18. Lewis Cohen admitted during his testimony that he failed to interview at least six individuals who may have had relevant information to his client's defense. These individuals were referred in police reports with which Lewis Cohen was provided.

19. Lewis Cohen further admitted that perhaps he should have interviewed some of the individuals.

20. Specifically, Louis Cohen was provided with the identification of a witness named Abdul Rahman but Mr. Cohen never interviewed Mr. Rahman, nor did Mr. Cohen call Mr. Rahman to testify at trial.

21. Lewis Cohen did not call Abdul Rahman to testify at Cy Greene's criminal trial, despite the fact his testimony would have helped Mr. Greene's defense.

22. Lewis Cohen also admitted that he failed to listen to an audiotape of a police interview of the sole eyewitness to the crime. Had Mr. Cohen listened to the tape, he would have known there was a typographical error in the transcription.

23. The description of the perpetrator contained on the audiotape was different than the description in the transcription.

24. Cy Greene testified that his attorney, Lewis Cohen, did not prepare him for his trial testimony.

25. Based upon the foregoing, Cy Greene's conviction was vacated in a written Order by Justice Pesce, Supreme Court, Kings County.

26. The Appellate Division affirmed the Trial Court's decision.

27. On or about January 16, 2008, Cy Greene filed a complaint alleging that his civil rights were violated by the City of New York, New York City Transit Authority, Michael Norrito, Joseph Tumbarello, Robert Sullivan and Charles Hynes.

28. Attached hereto as Exhibit "A," and incorporated herein without admitting the truth of any of the allegations therein, and without prejudice to the interests of the third party plaintiff, is a true copy of the Summons and Complaint in the *Greene Action*.

29. Attached to this third party complaint, as Exhibit "B," is the Answer of the City of New York, New York City Transit Authority, Michael Norrito, Joseph Tumbarello, Robert Sullivan and Charles Hynes.

30. Third party plaintiffs deny that they have violated the rights of, or is in any way liable to, Greene.

## AS AND FOR FIRST CAUSE OF ACTION

31. Third-party plaintiffs repeat, reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

32. If Cy Greene was caused any injury or had his rights violated in any way, due to any conduct other than his own negligent or culpable conduct, then such injuries were due to the intentional or negligent actions of Lewis Cohen.

33. Lewis Cohen, as an attorney and officer of the Court, had an ethical duty to Cy Greene, the Courts of the State of New York, The State of New York, the City of New York, and the defendants in this action to zealously, fully and completely defend his client, Cy Greene, in all pre-trial and trial proceedings.

34. Lewis Cohen failed to zealously, fully and completely defend his client, Cy Greene.

35. The conduct of Lewis Cohen caused, contributed to, or augmented the injury alleged in Plaintiffs' original complaint.

36. That by reason of the foregoing, Lewis Cohen is liable to the third-party plaintiffs in the event they are found liable to Cy Greene, in the full amount of a recovery herein by Greene, or for that proportion thereof caused by the relative responsibility of Cohen, and for all costs and expenses.

## AS AND FOR A SECOND CAUSE OF ACTION

37. Third-party plaintiffs repeat, reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

38. That if Greene was caused to sustain damages as alleged in the *Greene Action* and seeks to hold the City liable for said alleged damages, which were caused in whole or in part by Lewis Cohen, to the extent the City is held liable for such damages caused by Lewis Cohen, Lewis Cohen is liable to the City for such damages.

**WHEREFORE,** third-party plaintiffs City of New York, New York City Transit Authority, Michael Norrito, Joseph Tumbarello, Robert Sullivan and Charles Hynes request judgment against Lewis Cohen:

(a) For the full amount, or such other amount as the Court deems just and proper, of any judgment obtained against third-party plaintiffs; and

(b) For the expenses of this action, costs and any other relief which this Court deems just and proper.

Dated: New York, New York
September 15, 2008

      MICHAEL A. CARDOZO
      Corporation Counsel of the
        City of New York
      Attorney for Defendants/Third-Party Plaintiffs
      100 Church Street
      New York, New York 10007
      (212) 676-1307

By:    /s/
      Benjamin E. Stockman
      Assistant Corporation Counsel

To: Lewis Cohen, Esq.
16 Broadlawn Avenue
Kings Point, New York 11024
(516) 466-8140

Myron Beldock, Esq.
Beldock Levine & Hoffman, LLP
*Attorneys for Plaintiff*
99 Park Avenue
New York, New York 10016-1503
(212) 490-0400