Exhibit B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

CY GREENE,

                              Plaintiff,

                   -against-

THE CITY OF NEW YORK; NEW YORK CITY
TRANSIT AUTHORITY; DETECTIVES OR FORMER
DETECTIVES MICHAEL NORRITO (Shield No. 3736)
and JOSEPH TUMBARELLO (Shield No. 883), in their
individual and official capacities; FORMER ASSISTANT
DISTRICT ATTORNEY ROBERT SULLIVAN, in his
individual and official capacities; CHARLES J. HYNES,
DISTRICT ATTORNEY, KINGS COUNTY, in his
official capacity; and JOHN DOES, 1, 2, 3, etc. and JANE
DOES 1, 2, 3, etc. (whose identities are unknown but who
are or formerly were Police Officers and/or supervisory
personnel of the New York City Police Department and/or
Transit Authority Police Department), all being sued in
their individual and official capacities,

                            Defendants.

------------------------------------------------------------------------ x

**ANSWER TO THE
VERIFIED COMPLAINT**

**08 CV 243 (RJD)(CLP)**

ECF Case

<u>Jury Trial Demanded</u>

        Defendants City of New York, New York City Transit Authority, Michael Norrito, Joseph Tumbarello, Robert Sullivan and Charles Hynes, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their Answer to the Complaint, respectfully allege, upon information and belief, as follows:

                1.     Deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiff purports to proceed as stated therein.

                2.     Deny the allegations set forth in paragraph "2" of the Complaint, except admit that plaintiff purports to proceed as stated therein.

3.      Deny the allegations set forth in paragraph "3" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

4.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the Complaint.

5.      Deny the allegations set forth in paragraph "5" of the Complaint, except admit that the City of New York is a municipal corporation incorporated under the laws of the State of New York and respectfully refer the Court to the New York State Charter.

6.      Deny the allegations set forth in paragraph "6" of the Complaint, except admit that the City of New York maintains a police department which is called the New York City Police Department ("NYPD").

7.      Deny the allegations set forth in paragraph "7" of the Complaint, except admit that the New York City Transit Authority ("Transit Authority") is a public benefit corporation incorporated under the laws of the State of New York.

8.      Admit the allegations set forth in paragraph "8" of the Complaint.

9.      Deny the allegations set forth in paragraph "9" of the Complaint, except admit that Michael Norrito is a former employee of the City of New York and was employed as a member of service within NYPD at the time of the subject incident.

10.      Deny the allegations set forth in paragraph "10" of the Complaint, except admit that Joseph Tumbarello is a former employee of the Transit Authority and was employed as a member of service within the New York City Transit Authority police department at the time of the subject incident.

11.      Deny the allegations set forth in paragraph "11" of the Complaint, except admit that Charles J. Hynes is the District Attorney for Kings County.

12.    Deny the allegations set forth in paragraph "12" of the Complaint, except admit that Robert Sullivan was employed as an assistant district attorney of Kings County at the time of the subject incident.

13.    Paragraph "13" of the Complaint sets forth a definition rather than an averment of fact and thus no response is required.  To the extent that a response is required, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint, except admit that Gerald Greene and Kathy Plazner were employed as assistant district attorneys of Kings County at the time of the subject incident.

14.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint.

15.    Deny the allegations set forth in paragraph "15" of the Complaint.

16.    Paragraph "16" of the Complaint sets forth conclusions of law rather than averments of fact and thus no response is required.

17.    Deny the allegations set forth in paragraph "17" of the Complaint, except admit that NYPD and the Transit Authority entered into a merger that became effective as of April 2, 1995 and respectfully refer the Memorandum of Understanding between the Metropolitan Transit Authority Board, the Transit Authority police department and NYPD, dated March 31, 1995.

18.    Deny the allegations set forth in paragraph "18" of the Complaint, except admit that a purported notice of claim was filed on August 2, 2007.

19.    Deny the allegations set forth in paragraph "19" of the Complaint, except admit that plaintiff's purported claims were not adjusted or paid.

3

20.    Deny the allegations set forth in paragraph "20" of the Complaint except admit that a complaint was filed on January 16, 2008.

21.    Paragraph "21" of the Complaint does not contain any averment of fact to which a response is required.

22.    Deny the allegations set forth in paragraph "22" of the Complaint, except admit that plaintiff's prosecution and conviction resulted from the murder and robbery of John Choi on June 14, 1983.

23.    Deny the allegations set forth in paragraph "23" of the Complaint, except admit that plaintiff and Larry Williams were both indicted on the charges of murder in the second degree and robbery in the first degree.

24.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Complaint.

25.    Deny the allegations set forth in paragraph "25" of the Complaint, except admit that plaintiff was convicted of felony murder and robbery in the second degree.

26.    Admit the allegations set forth in paragraph "26" of the Complaint.

27.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Complaint, except admit that there were separate attorneys retained by plaintiff and Williams.

28.    Deny the allegations set forth in paragraph "28" of the Complaint, except admit that mistaken identity, wrongful identification and innocence were among plaintiff's defenses at the criminal trial and that plaintiff also challenged the credibility of the prosecution's witnesses as part of his defense.

29.     Deny the allegations set forth in paragraph "29" of the Complaint, except admit that plaintiff and an alleged alibi witness testified on plaintiff's behalf.

30.     Deny the allegations set forth in paragraph "30" of the Complaint, except admit that Jae Hark Kim testified at plaintiff's criminal trial and positively identified him as the person who stabbed and killed John Choi.

31.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the Complaint, except admit Kim testified that he witnessed the attack and murder of Choi.

32.     Deny the allegations set forth in paragraph "32" of the Complaint.

33.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the Complaint.

34.     Deny the allegations set forth in paragraph "34" of the Complaint, except admit that Cy Greene's height and the height of the stabber were issues that were presented to the jury at trial.

35.     Deny the allegations set forth in paragraph "35" of the Complaint, except admit that plaintiff's claim that there was a discrepancy between his height and that of the stabber was presented to the jury at trial.

36.     Deny the allegations set forth in paragraph "36" of the Complaint and deny knowledge or information sufficient to form a belief as to "related persons" as defined by plaintiff in paragraph "13" of the Complaint.

37.     Deny the allegations set forth in paragraph "37" of the Complaint and deny knowledge or information sufficient to form a belief as to "related persons" as defined by plaintiff in paragraph "13" of the Complaint.

38.     Deny the allegations set forth in paragraph "38" of the Complaint and deny knowledge or information sufficient to form a belief as to "related persons" as defined by plaintiff in paragraph "13" of the Complaint.

39.     Deny the allegations set forth in paragraph "39" of the Complaint and deny knowledge or information sufficient to form a belief as to "related persons" as defined by plaintiff in paragraph "13" of the Complaint.

40.     Deny the allegations set forth in paragraph "40" of the Complaint and deny knowledge or information sufficient to form a belief as to "related persons" as defined by plaintiff in paragraph "13" of the Complaint.

41.     Deny the allegations set forth in paragraph "41" of the Complaint and deny knowledge or information sufficient to form a belief as to "related persons" as defined by plaintiff in paragraph "13" of the Complaint.

42.     Deny the allegations set forth in paragraph "42" of the Complaint, except admit that plaintiff was convicted and sentenced to concurrent terms of 15 years to life and 2 to 6 years.

43.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the Complaint.

44.     Deny the allegations set forth in paragraph "44" of the Complaint, except admit that the Honorable Michael Pesce issued a Decision and Order dated January 4, 2006, vacating plaintiff's criminal convictions and ordering a new trial.

45.     Deny the allegations set forth in paragraph "45" of the Complaint, except admit that, by Decision and Order dated January 4, 2006, the Honorable Michael Pesce ordered a new trial.

6

46.    Deny the allegations set forth in paragraph "46" of the Complaint, except admit that plaintiff was released in January 2006.

47.    Deny the allegations set forth in paragraph "47" of the Complaint, except admit that the Kings County District Attorney's Office appealed the Decision and Order of the Honorable Michael Pesce, dated January 4, 2006.

48.    Deny the allegations set forth in paragraph "48" of the Complaint, except admit that the Appellate Division, Second Department affirmed the trial court's vacation of plaintiff's convictions by decision dated February 13, 2007, based upon the ineffective assistance of plaintiff's criminal trial counsel.

49.    Deny the allegations set forth in paragraph "49" of the Complaint, except admit that the People's application for leave to appeal was denied by the Court of Appeals.

50.    Admit the allegations set forth in paragraph "50" of the Complaint.

51.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51" of the Complaint.

52.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52" of the Complaint.

53.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "53" of the Complaint.

54.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the Complaint.

55.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "55" of the Complaint, except admit that 3 or 4 men attempted to rob Choi and Kim in the Church Avenue subway station.

56.     Deny the allegations set forth in paragraph "56" of the Complaint, except admit that Mark Best informed the police that plaintiff and two other individuals chased John Choi and began fighting with Choi while Kim was pushed to the ground by one individual.

57.     Deny the allegations set forth in paragraph "57" of the Complaint, except admit that the assailants robbed John Choi and one of the assailants stabbed John Choi in the chest with a knife.

58.     Deny the allegations set forth in paragraph "58" of the Complaint, except admit that Mark Best informed the police that three perpetrators ran up the stairs and ran west on Church Avenue..

59.     Deny the allegations set forth in paragraph "59" of the Complaint, except admit that Kim assisted Choi out of the subway and, when police arrived on the scene, they found Choi on a chair at 1450 Nostrand Avenue.

60.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "60" of the Complaint.

61.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "61" of the Complaint.

62.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "62" of the Complaint.

63.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "63" of the Complaint.

64.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "64" of the Complaint, except admit that Castricone and Pilato responded to the crime scene on June 14, 1983.

65. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "65" of the Complaint, except admit that a knife purportedly used in the murder was recovered by the police.

66. Deny the allegations set forth in paragraph "66" of the Complaint.

67. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "67" of the Complaint.

68. Deny the allegations set forth in paragraph "68" of the Complaint, except admit that Dr. Navarro made a finding that Choi died from stab and incised wounds of the chest, heart and extremities and of resultant hemorrhaging.

69. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "69" of the Complaint.

70. Deny the allegations set forth in paragraph "70" of the Complaint.

71. Deny the allegations set forth in paragraph "71" of the Complaint.

72. Deny the allegations set forth in paragraph "72" of the Complaint.

73. Admit the allegations set forth in paragraph "73" of the Complaint.

74. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "74" of the Complaint.

75. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "75" of the Complaint.

76. Deny the allegations set forth in paragraph "76" of the Complaint, except admit that the report shows that Kim stated that there were 3 to 4 Black males, 18 – 20 years of age and wearing sneakers, in the area of the crime scene at the time he and Choi were assaulted.

77.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "77" of the Complaint, except admit that the reports of Castricone and Williams were dated June 14, 1983.

78.     Deny the allegations set forth in paragraph "78" of the Complaint, except admit  that the Unusual Incident Report lists the description of the perpetrators as three male blacks, 18 to 20 years of age, 5 foot 8 inches to 5 foot 10 inches tall, thin, brown shirt, shorts, sneakers.

79.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "79" of the Complaint.

80.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "80" of the Complaint.

81.     Deny the allegations set forth in paragraph "81" of the Complaint.

82.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "82" of the Complaint.

83.     Deny the allegations set forth in paragraph "83" of the Complaint.

84.     Deny the allegations set forth in paragraph "84" of the Complaint.

85.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "85" of the Complaint, except admit that plaintiff was 19 years old on June 14, 1983 and was born on March 29, 1964.

86.     Deny the allegations set forth in paragraph "86" of the Complaint.

87.     Deny the allegations set forth in paragraph "87" of the Complaint.

88.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "88" of the Complaint, except admit that, on June 14, 1983, Sullivan interviewed witnesses at the 67th Precinct.

89.    Deny the allegations set forth in paragraph "81" of the Complaint, except admit that defendant Sullivan interviewed witnesses on June 14, 1983 and June 16, 1983, including Jae Hark Kim, Abdul Kareeum Rahwion, Eric Head and Mark Best, and the interviews were audiotaped.

90.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "90" of the Complaint.

91.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "91" of the Complaint.

92.    Admit the allegations set forth in paragraph "92" of the Complaint.

93.    Deny the allegations set forth in paragraph "93" of the Complaint, except admit that Kim was interviewed at the 67th Precinct on June 14, 1983.

94.    Deny the allegations set forth in paragraph "94" of the Complaint.

95.    Deny the allegations set forth in paragraph "95" of the Complaint, except admit that plaintiff described the distance between himself and the stabber as being two feet at one point in time during the subject incident.

96.    Deny the allegations set forth in paragraph "96" of the Complaint and deny knowledge or information sufficient to form a belief as to "related persons" as defined by plaintiff in paragraph "13" of the Complaint.

11

97.    Deny the allegations set forth in paragraph "97" of the Complaint and deny knowledge or information sufficient to form a belief as to "related persons" as defined by plaintiff in paragraph "13" of the Complaint.

98.    Deny the allegations set forth in paragraph "98" of the Complaint.

99.    Deny the allegations set forth in paragraph "99" of the Complaint.

100.    Deny the allegations set forth in paragraph "100" of the Complaint.

101.    Deny the allegations set forth in paragraph "101" of the Complaint and deny knowledge or information sufficient to form a belief as to "related persons" as defined by plaintiff in paragraph "13" of the Complaint.

102.    Deny the allegations set forth in paragraph "102" of the Complaint.

103.    Deny the allegations set forth in paragraph "103" of the Complaint and deny knowledge or information sufficient to form a belief as to "related persons" as defined by plaintiff in paragraph "13" of the Complaint.

104.    Deny the allegations set forth in paragraph "104" of the Complaint.

105.    Deny the allegations set forth in paragraph "105" of the Complaint.

106.    Deny the allegations set forth in paragraph "106" of the Complaint, except admit that Rahman was interviewed by the police in connection with the Choi murder.

107.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "107" of the Complaint.

108.    Deny the allegations set forth in paragraph "108" of the Complaint, except admit that James Robinson, Fred Thomas, Lavaughn Ryan and Eric Head were interviewed and reported seeing men of heights varying between 5 feet 5 inches to 6 feet running from the subway.

12

109.    Deny the allegations set forth in paragraph "109" of the Complaint, except admit that Reynold Guerrier stated that three males entered his taxicab on Erasmus Street near Veronica Place.

110.    Paragraph "110" of the Complaint does not contain any averment of fact to which a response is required.

111.    Deny the allegations set forth in paragraph "111" of the Complaint, except admit that James Robinson was interviewed at approximately 6:30pm on June 14, 1983 at the 67th Precinct.

112.    Deny the allegations set forth in paragraph "112" of the Complaint, except admit that James Robinson stated that he was in the area of Church Avenue and Nostrand Avenue when a man told him to stop another man who was running on Nostrand Avenue and then turned right on Church Avenue and then turned onto Lloyd Street, then Erasmus Street and then Veronica Place.

113.    Deny the allegations set forth in paragraph "113" of the Complaint, except admit that Robinson chased a man who turned on Lloyd Street to Erasmus street, then turned right to Veronica Place and that Robinson described the man as male Black, 6 feet tall, medium build with a small afro, wearing a brown shirt and pants.

114.    Deny the allegations set forth in paragraph "114" of the Complaint, except admit that, at Veronica Place, Robinson saw the male enter a taxi which was stopped at an open fire hydrant.

115.    Deny the allegations set forth in paragraph "115" of the Complaint, except admit that James Robinson stated that there were other people in the taxicab at the time the man whom he had run after entered it.

13

116.    Deny the allegations set forth in paragraph "116" of the Complaint, except admit that, on June 14, 1983 at approximately 7:45pm, while conducting a canvas along Church Avenue, the police had occasion to interview Lavaughn Ryan.

117.    Deny the allegations set forth in paragraph "117" of the Complaint, except admit that Lavaughn Ryan stated that he saw three youths running east on Church Avenue and then saw two of them run south to Lloyd street while the other continued running east on Church Avenue.

118.    Deny the allegations set forth in paragraph "118" of the Complaint, except admit that Ryan described one of the youths as being approximately five foot nine inches tall.

119.    Admit the allegations set forth in paragraph "119" of the Complaint.

120.    Admit the allegations set forth in paragraph "120" of the Complaint.

121.    Deny the allegations set forth in paragraph "121" of the Complaint, except admit Thomas informed the police that, at approximately 1620 hours on June 14, 1983, he heard yelling from the subway and recognized the voice as that of Kareem (Abdul Rahman), a male known to him.

122.    Admit the allegations set forth in paragraph "122" of the Complaint.

123.    Admit the allegations set forth in paragraph "123" of the Complaint.

124.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "124" of the Complaint.

125.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "125" of the Complaint.

126.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "126" of the Complaint.

127.    Deny the allegations set forth in paragraph "127" of the Complaint, except admit that Guerrier stated that three men entered his cab bearing license plate number 61L619.

128.    Deny the allegations set forth in paragraph "128" of the Complaint, except admit that Guerrier was stopped in his vehicle on Erasmus Street near Veronica Place at an open fire hydrant when three males started to enter the cab.

129.    Admit the allegations set forth in paragraph "129" of the Complaint.

130.    Deny the allegations set forth in paragraph "130" of the Complaint, except admit that one male pushed four dollars through the plexiglass and told Guerrier that he and the other males were only going to Flatbush Avenue.

131.    Deny the allegations set forth in paragraph "131" of the Complaint, except admit that Guerrier told the police that the males in his cab said "We got a problem."

132.    Deny the allegations set forth in paragraph "132" of the Complaint, except admit that Guerrier told the police that he drove the three males to Flatbush Avenue and Clarendon Road where they exited the cab and walked back to Cortelyou Road toward East 22nd Street.

133.    Deny the allegations set forth in paragraph "133" of the Complaint, except admit that Guerrier described the three men as black males, 18 -- 20 years of age, and stated that two of them had thin builds.

134.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "134" of the Complaint.

135.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "135" of the Complaint.

136.    Deny the allegations set forth in paragraph "136" of the Complaint.

15

137.    Deny the allegations set forth in paragraph "137" of the Complaint.

138.    Deny the allegations set forth in paragraph "138" of the Complaint.

139.    Deny the allegations set forth in paragraph "139" of the Complaint.

140.    Deny the allegations set forth in paragraph "140" of the Complaint.

141.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "141" of the Complaint.

142.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "142" of the Complaint, except deny that Cy Greene was 5 foot 2 inches tall.

143.    Deny the allegations set forth in paragraph "143" of the Complaint, except deny knowledge or information sufficient to form a belief as to "related persons" as defined by plaintiff in paragraph "13" of the Complaint and "former ADA Plazner."

144.    Deny the allegations set forth in paragraph "144" of the Complaint.

145.    Deny the allegations set forth in paragraph "145" of the Complaint.

146.    Deny the allegations set forth in paragraph "146" of the Complaint, except deny knowledge or information sufficient to form a belief as to "related persons" as defined by plaintiff in paragraph "13" of the Complaint.

147.    Deny the allegations set forth in paragraph "147" of the Complaint.

148.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "148" of the Complaint.

149.    Deny the allegations set forth in paragraph "146" of the Complaint, except admit that Eric Head stated that he had seen two males running up from the subway at the corner of Church Avenue.

16

150.     Deny the allegations set forth in paragraph "150" of the Complaint.

151.     Deny the allegations set forth in paragraph "151" of the Complaint.

152.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "152" of the Complaint.

153.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "153" of the Complaint.

154.     Deny the allegations set forth in paragraph "154" of the Complaint.

155.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "155" of the Complaint.

156.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "156" of the Complaint.

157.     Deny the allegations set forth in paragraph "157" of the Complaint.

158.     Deny the allegations set forth in paragraph "158" of the Complaint.

159.     Deny the allegations set forth in paragraph "159" of the Complaint.

160.     Deny the allegations set forth in paragraph "160" of the Complaint, except admit that Unusual Occurrence reports were generated by NYPD during some of its investigations.

161.     Deny the allegations set forth in paragraph "161" of the Complaint, except admit that, if a suspect had escaped from a police officer's custody, the officer would have been required to file a report of such escape.

162.     Deny the allegations set forth in paragraph "162" of the Complaint.

163.    Deny the allegations set forth in paragraph "163" of the Complaint, except deny knowledge or information sufficient to form a belief as to "related persons" as defined by plaintiff in paragraph "13" of the Complaint.

164.    Deny the allegations set forth in paragraph "164" of the Complaint.

165.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "165" of the Complaint.

166.    Deny the allegations set forth in paragraph "166" of the Complaint.

167.    Deny the allegations set forth in paragraph "167" of the Complaint.

168.    Deny the allegations set forth in paragraph "168" of the Complaint, except deny knowledge or information sufficient to form a belief as to "related persons" as defined by plaintiff in paragraph "13" of the Complaint, "ADA Green" and "ADA Plazner."

169.    Deny the allegations set forth in paragraph "169" of the Complaint, except deny knowledge or information sufficient to form a belief as to "related persons" as defined by plaintiff in paragraph "13" of the Complaint, "ADA Green" and "ADA Plazner."

170.    Deny the allegations set forth in paragraph "170" of the Complaint.

171.    Deny the allegations set forth in paragraph "171" of the Complaint.

172.    Deny the allegations set forth in paragraph "172" of the Complaint.

173.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "173" of the Complaint, except admit that Joseph Ross was interviewed on June 15, 1983 at approximately 5:00 pm.

174.    Admit the allegations set forth in paragraph "174" of the Complaint.

175.    Deny the allegations set forth in paragraph "175" of the Complaint, except admit that Ross informed the police that at 1610 hours he left Mark Best at Church Avenue &

18

Nostrand Avenue and that he did not see any of the incident but that Mark Best did and that the police should question Best.

176.    Deny the allegations set forth in paragraph "176" of the Complaint, except admit that, on June 16, 1983, at 1120 hours, Mark Best was interviewed by Norrito.

177.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "177" of the Complaint, except deny that Mark Best was fearful that he or his brother would be charged with the murder of John Choi or other crimes.

178.    Deny the allegations set forth in paragraph "178" of the Complaint.

179.    Deny the allegations set forth in paragraph "179" of the Complaint, except admit that the DD5 prepared in connection with Mark Best's interview indicates that Best was interviewed by Norrito on June 14, 1983 at approximately 1620 hours and that the witness gave the same statement to Sullivan.

180.    Deny the allegations set forth in paragraph "180" of the Complaint, except admit that Mark Best informed the police that he saw plaintiff take out a knife and stab Choi.

181.    Deny the allegations set forth in paragraph "181" of the Complaint, except admit that Mark Best was shown a photo of plaintiff along with several photos of other perpetrators.

182.    Deny the allegations set forth in paragraph "182" of the Complaint.

183.    Deny the allegations set forth in paragraph "183" of the Complaint.

184.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "184" of the Complaint.

19

185.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "185" of the Complaint, except admit that Larry Williams was also arrested on June 14, 1983.

186.    Deny the allegations set forth in paragraph "186" of the Complaint, except admit that plaintiff denied having stabbed John Choi.

187.    Deny the allegations set forth in paragraph "187" of the Complaint.

188.    Deny the allegations set forth in paragraph "188" of the Complaint, except admit that Jae Kim and Mark Best were shown line-ups in which they picked out plaintiff and Larry Williams.

189.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "189" of the Complaint.

190.    Deny the allegations set forth in paragraph "190" of the Complaint.

191.    Deny the allegations set forth in paragraph "191" of the Complaint.

192.    Admit the allegations set forth in paragraph "192" of the Complaint.

193.    Deny the allegations set forth in paragraph "193" of the Complaint, except admit that Det. Tumbarello conducted a line-up at which plaintiff was positively identified by Kim and Best.

194.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "194" of the Complaint.

195.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "195" of the Complaint.

196.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "196" of the Complaint.

197.    Deny the allegations set forth in paragraph "197" of the Complaint.

198.    Deny the allegations set forth in paragraph "198" of the Complaint.

199.    Deny the allegations set forth in paragraph "199" of the Complaint.

200.    Deny the allegations set forth in paragraph "200" of the Complaint.

201.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "201" of the Complaint.

202.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "202" of the Complaint.

203.    Deny the allegations set forth in paragraph "203" of the Complaint.

204.    Deny the allegations set forth in paragraph "204" of the Complaint.

205.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "205" of the Complaint.

206.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "206" of the Complaint.

207.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "207" of the Complaint.

208.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "208" of the Complaint.

209.    Deny the allegations set forth in paragraph "209" of the Complaint, except admit that plaintiff purports to be innocent of the robbery and murder of John Choi.

210.    Deny the allegations set forth in paragraph "210" of the Complaint except deny knowledge or information sufficient to form a belief as to "related persons" as defined by plaintiff in paragraph "13" of the Complaint.

211.    Deny the allegations set forth in paragraph "211" of the Complaint except deny knowledge or information sufficient to form a belief as to "related persons" as defined by plaintiff in paragraph "13" of the Complaint.

212.    Deny the allegations set forth in paragraph "212" of the Complaint.

213.    Paragraph "213" of the Complaint sets forth conclusions of law rather than averments of fact and thus no response is required.

214.    Deny the allegations set forth in paragraph "214" of the Complaint.

215.    Deny the allegations set forth in paragraph "215" of the Complaint.

216.    Deny the allegations set forth in paragraph "216" of the Complaint.

217.    Deny the allegations set forth in paragraph "217" of the Complaint.

218.    Deny the allegations set forth in paragraph "218" of the Complaint.

219.    Deny the allegations set forth in paragraph "219" of the Complaint.

220.    Deny the allegations set forth in paragraph "220" of the Complaint.

221.    Deny the allegations set forth in paragraph "221" of the Complaint.

222.    Deny the allegations set forth in paragraph "222" of the Complaint.

223.    Deny the allegations set forth in paragraph "223" of the Complaint.

224.    Deny the allegations set forth in paragraph "224" of the Complaint.

225.    Deny the allegations set forth in paragraph "225" of the Complaint.

226.    Deny the allegations set forth in paragraph "226" of the Complaint.

227.    Deny the allegations set forth in paragraph "227" of the Complaint.

228.    Deny the allegations set forth in paragraph "228" of the Complaint and its subparts.

229.    Deny the allegations set forth in paragraph "229" of the Complaint.

230.    In response to the allegations set forth in paragraph "230" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

231.    Deny the allegations set forth in paragraph "231" of the Complaint and its subparts.

232.    In response to the allegations set forth in paragraph "232" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

233.    Deny the allegations set forth in paragraph "233" of the Complaint.

234.    Deny the allegations set forth in paragraph "234" of the Complaint.

235.    Deny the allegations set forth in paragraph "235" of the Complaint.

236.    In response to the allegations set forth in paragraph "236" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

237.    Deny the allegations set forth in paragraph "237" of the Complaint.

238.    Deny the allegations set forth in paragraph "238" of the Complaint.

239.    In response to the allegations set forth in paragraph "239" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

240.    Deny the allegations set forth in paragraph "240" of the Complaint and its subparts.

241.    In response to the allegations set forth in paragraph "241" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

242.    Deny the allegations set forth in paragraph "242" of the Complaint.

243.    Deny the allegations set forth in paragraph "243" of the Complaint.

244.    Deny the allegations set forth in paragraph "244" of the Complaint.

245.    Deny the allegations set forth in paragraph "245" of the Complaint.

246.    In response to the allegations set forth in paragraph "246" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

247.    Deny the allegations set forth in paragraph "247" of the Complaint.

248.    Deny the allegations set forth in paragraph "248" of the Complaint.

249.    In response to the allegations set forth in paragraph "249" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

250.    Deny the allegations set forth in paragraph "250" of the Complaint.

251.    Deny the allegations set forth in paragraph "251" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

252.    The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

253.    Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

254.    At all times relevant to the acts alleged in the Complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendants have governmental immunity from liability.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

255.    Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable and/or negligent conduct of others and was not the proximate result of any act of the defendants.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

256.    Punitive damages cannot be assessed against the City of New York.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

257.    At all times relevant to the acts alleged in the Complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

258.    There was probable cause for plaintiff's arrest, detention and/or prosecution.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

259.    Plaintiff's claims may be barred, in whole or in part, because plaintiff may have failed to comply with all conditions precedent to suit.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

260.    The individual defendants did not violate any clearly established constitutional or statutory right of which a reasonable person would have known, and, therefore, are protected by qualified immunity.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

261.    Plaintiff's claims may be barred, in part, by the applicable statute of limitations.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

262.    Plaintiff's claims may be barred, in whole or in part, by the principles of res judicata and/or collateral estoppel.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

263.    To the extent the complaint alleges any claims arising out of the laws of the State of New York, such claims may be barred as a result of the plaintiff's failure to comply with General Municipal Law § 50-e.

**WHEREFORE,** defendants request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:        New York, New York
              August 15, 2008

                          MICHAEL A. CARDOZO
                          Corporation Counsel of the
                          City of New York
                          Attorney for Defendants
                          100 Church Street
                          New York, New York 10007
                          (212) 227-0414

                          By: _____
                          Karl J. Ashanti (KA 4547)
                          Assistant Corporation Counsel
                          Special Federal Litigation Division

To:    Myron Beldock, Esq.
       Beldock Levine & Hoffman, LLP
       *Attorneys for Plaintiff*
       99 Park Avenue
       New York, New York  10016-1503
       (212) 490-0400

<u>**DECLARATION OF SERVICE BY FIRST-CLASS MAIL**</u>

     I, **Karl J. Ashanti**, declare, pursuant to 28 U.S.C. § 1746, under penalty of

perjury, that on **August 15, 2008**, I served the annexed **Answer** by ECF and by depositing a

copy of the same, enclosed in a first-class postpaid properly addressed wrapper, in a post office

official depository under the exclusive care and custody of the United States Postal Service,

within the State of New York, upon the following:

     Myron Beldock, Esq.
     Beldock Levine & Hoffman, LLP
     99 Park Avenue
     New York, New York  10016-1503

Dated: New York, New York
       August 15, 2008

                 Karl J. Ashanti (KA-4547)
                 Assistant Corporation Counsel

Index No.  08 CV 243 (RJD)(CLP)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CY GREENE,

                                        Plaintiff,

                    -against-

THE CITY OF NEW YORK; NEW YORK CITY
TRANSIT AUTHORITY; DETECTIVES OR
FORMER DETECTIVES MICHAEL NORRITO
(Shield No. 3736) and JOSEPH TUMBARELLO
(Shield No. 883), in their individual and official
capacities; FORMER ASSISTANT DISTRICT
ATTORNEY ROBERT SULLIVAN, in his
individual and official capacities; CHARLES J.
HYNES, DISTRICT ATTORNEY, KINGS
COUNTY, in his official capacity; and JOHN
DOES, 1, 2, 3, etc. and JANE DOES 1, 2, 3, etc.
(whose identities are unknown but who are or
formerly were Police Officers and/or supervisory
personnel of the New York City Police Department
and/or Transit Authority Police Deparment), all
being sued in their individual and official
capacities,

                                        Defendants.

**ANSWER TO THE VERIFIED COMPLAINT**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Karl J. Ashanti*
*Tel:  (212) 227-0414*
*NYCLIS No. 2008-002253*

*Due and timely service is hereby admitted.*

*New York, N.Y.* ................................................ *, 200......*

............................................................................*Esq.*

*Attorney for* ...........................................................